UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-CV-80943-Rosenberg

HOWARD COHAN,

    Plaintiff,

v.

VILLAGIO AT BOCA, LLC
d/b/a VILLAGIO,

    Defendant(s).
_____/

## DEFAULT FINAL JUDGMENT

Defendant, VILLAGIO AT BOCA LLC, d/b/a VILLAGIO ("Defendant"), having failed to plead or otherwise defend in this action, and default having heretofore been entered; upon application of Plaintiff and upon affidavit that Defendant is indebted to Plaintiff in the principal sum of $3,680.70 for attorneys' fees and costs; that Defendant had been defaulted for failure to appear pursuant to Rule 55(a) and (b) of the Federal Rules of Civil Procedure.

**I.**    **Case Procedure.**

1.    This action was commenced on or about July 9, 2015, when Plaintiff filed a Complaint against Defendant.   (**See Docket Entry Number 1**)

2.    On July 15, 2015, Defendant was served with the Summons and Complaint.

3.    More than twenty-one (21) days elapsed since the date upon which service of the Summons and Complaint was effective. (**See Docket Entry 12**)

4.    Neither Plaintiff nor the Court granted Defendant any extension of time to respond to the Complaint.

5.      Defendant failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiff's attorneys of record.

6.      The Clerk of the Court entered a default against Defendant on September 17, 2015. (**See Docket Entry Number 15**).

## II.     Factual History

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit.  Defendant is the lessee, operator, owner and/or lessor of the real property that is subject to this suit, and is located at 344 Plaza Real, Boca Raton, Florida 33432 ("Premises") and is the owner of the improvements where the Premises is located.  The Premises consists of a restaurant, to wit: Villagio, and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's initial visit to the Premises on June 12, 2015 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA.  While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide an accessible men's restroom, an accessible pathway to the restroom and an accessible service counter at the bar ("Violations"). The specific Violations were as follows:

   a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

   b. Failing to provide the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction that does not comply with

    the standards set forth in 2010 ADAAG §§304, 304.3, 304.3.1, 603, 603.2 and 603.2.1.

c. Failing to provide sufficient clear floor space around a water closet that does not allow for any obstructing elements in this space in violation of 2010 ADAAG §§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

d. Failing to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

e. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

f. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

g. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

h. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

i. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

j. Failing to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

k. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    l. Failing to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.2 and 306.2.1.

    m. Failing to provide the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§304, 304.3, 304.3.1, 603, 603.2 and 603.2.1.

    n. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1 and 904.4.2.

Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

**III.     Legal Standard.**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear

pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (*citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank*,515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

**IV.    Discussion.**

To state a claim under the ADA a Plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Nokunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 6]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operate a place of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendant is operating a place of public accommodation, as the Premises is used as a restaurant, and thus Defendant was required to rectify the Violations and maintain the Premises in compliance with ADA. *See* 42 U.S.C. §1281(7)(A).  Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at  ¶¶ 18(a)-(l), 19(a) and 20(a)]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where Plaintiff is seeking injunctive relief, as has occurred in this matter, Plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001). Here, Plaintiff alleges that if Defendant modifies it Premises to comply with the ADA, then Plaintiff will be given equal access and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 7, 23 and 26]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶ 7]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff clearly is entitled to relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

**V.     Damages**

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations on said Premises so that the Premises are in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is

vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of three thousand six hundred eighty dollars and seventy cents ($3,680.70). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

**It is ORDERED and ADJUDGED**, that:

1. Plaintiffs Motion for Default Final Judgment is GRANTED.

2. Plaintiff, HOWARD COHAN, shall recover from Defendant, VILLAGIO AT BOCA, LLC, the sum of three thousand six hundred eighty dollars and seventy cents ($3,680.70), for attorneys' fees and costs plus interest according to law from the date of this judgment until the entire amount is paid for which let execution issue forthwith.

3. Defendant shall alter its Premises to make said Premises accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following specific ADA Violations:

    a. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

    b. Failing to provide the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§304, 304.3, 304.3.1, 603, 603.2 and 603.2.1.

c. Failing to provide sufficient clear floor space around a water closet that does not allow for any obstructing elements in this space in violation of 2010 ADAAG §§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

d. Failing to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

e. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

f. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

g. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

h. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

i. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

j. Failing to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

k. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    l. Failing to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.2 and 306.2.1.

    m. Failing to provide the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§304, 304.3, 304.3.1, 603, 603.2 and 603.2.1.

    n. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1 and 904.4.2.

4. The Clerk is directed to **CLOSE THIS CASE** and terminate any pending motions as moot.

    **DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 28th day of October, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE